UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

TOMMY F. ADAMS,

                              Plaintiff,

                    -against-                       1:23-CV-6170 (LTS)

FORUM PERSONNEL INC. d/b/a/ THE         ORDER TO AMEND
FORUM GROUP; DIRECTOR OF HUMAN
RESOURCES,

                             Defendants.

---

LAURA TAYLOR SWAIN, Chief United States District Judge:

      Plaintiff Tommy F. Adams filed this *pro se* action asserting claims under Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 1981, the Age Discrimination in Employment Act of 1967 ("ADEA"), the Americans with Disabilities Act of 1990 ("ADA"), and the New York State and City Human Rights Laws ("NYSHRL" & "NYCHRL"). He seeks damages and names as defendants: (1) Forum Personnel Inc. (doing business as "The Forum Group") ("Forum"); (2) Forum's Director of Human Resources.

      By order dated July 19, 2023, the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees. For the reasons set forth below, the Court grants Plaintiff leave to file an amended complaint within 60 days of the date of this order.

## STANDARD OF REVIEW

      The Court must dismiss an IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also

dismiss a complaint when the Court lacks subject matter jurisdiction of the claims raised. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted, emphasis in original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

Rule 8 requires a complaint to include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Id.* But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Id.* (citing *Twombly*, 550 U.S. at 555). After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.* at 679.

## BACKGROUND

The allegations herein are taken from Plaintiff's complaint's statement of claim and from documents attached to his complaint, including a Determination and Order After Investigation issued by the New York State Division of Human Rights ("NYSDHR") on April 11, 2023, as

well as one of Plaintiff's attached résumés. "After distinguishing [himself] as the greatest high school athlete in U.S. history, [Plaintiff] was denied employment by Forum . . . more than a hundred times over the past 40 years because of [his] distinction of being the nation's only [B]lack captain of a white athletic team." (ECF 1, at 5.)

Plaintiff, "who is 61 years of age[,] . . . Christian[,] and Black, alleges that he was discriminated against by [Forum] because of his age, creed, race/color, and that he was retaliated against." (*Id.* at 10.) In February 2022, "he forwarded a complete resume to [Forum] for the position of Customer Service Representative. He . . . ha[d] not worked for [Forum] since . . . [the] 1980s[,] when had had a good experience with [it]." (*Id.*) Forum knew of Plaintiff's abovementioned background, that he had "received a score of 1600 on the S.A.T.; that he was a National Merit Scholar; and that he attended Cornell University on scholarship." (*Id.*) Yet, Forum did not respond to him because of his race, and it retaliated against him because, "in 1986[,] he took out a Workers' Compensation claim against [it]." (*Id.* 10-11.) "[T]he reason for discrimination could also be religion because it is well-known by many that [Plaintiff] is a Christian, Roman Catholic saint." (*Id.* at 11.) In addition, Forum "may . . . be discriminating against him because of his age as [Forum] know[s] [that] he is over 50 years of age." (*Id.*)

Plaintiff further describes himself as "God, the greatest high school graduate of modern times. With a potential that reaches to infinity (just read [his] resume), the men and women [who] love and worship [him] can do all things [*sic*]." (*Id.* at 13.)

## DISCUSSION

A. **Claims under the NYSHRL & NYCHRL**

The Court must dismiss Plaintiff's claims under the NYSHRL and NYCHRL. Under both of those statutes' election-of-remedies provisions, "a litigant who files a claim with the NYSDHR cannot bring the same claim [under the NYSHRL or the NYCHRL] in federal court."

3

*Waller v. Muchnick, Golieb & Golieb, P.C.*, 523 F. App'x 55, 56 n.1 (2d Cir. 2013) (summary order); *see* N.Y. Exec. Law § 297(9); N.Y.C. Admin. Code § 8-502(a); *York v. Ass'n of the Bar of the City of New York*, 286 F.3d 122, 127 (2d Cir. 2002) ("[B]y the terms of the [NYSHRL and NYCHRL], respectively, . . . claims [under either of those laws], once brought before the NYSDHR, may not be brought again as a plenary action in another court."). There are exceptions to this rule. With respect to claims under the NYSHRL brought in an administrative complaint to the NYSDHR, this rule does not apply when (1) that state agency "has dismissed such complaint on the grounds of administrative convenience, on the grounds of untimeliness, or on the grounds that the election of remedies is annulled;" and when (2) "prior to a hearing before a hearing examiner, a person who has a complaint pending at the [NYSDHR] . . . request[s] that [the NYSDHR] dismiss the complaint and annul his or her election of remedies so that the [NYSHRL] claim may be pursued in court." *see* N.Y. Exec. Law § 297(9). As to claims brought under the NYCHRL in an administrative complaint to the New York City Commission on Human Rights ("NYCCHR") or the NYSDHR, this rule does not apply when the NYCCHR dismisses that complaint for administrative convenience or for lack of jurisdiction under N.Y.C. Code § 8-113(a), (b), or (c), or when the NYSDHR dismisses the complaint "either for administrative convenience or on the grounds that such person's election of an administrative remedy is annulled." N.Y.C. Admin. Code § 8-502(b).

Plaintiff has attached to his complaint a copy of a Determination and Order After Investigation of the NYSDHR, issued on April 11, 2023, in which that state agency noted that, on July 11, 2023, Plaintiff filed an administrative complaint with that agency asserting claims of employment discrimination based on his age, religion, and race or color, and claims of retaliation, arising from Forum's alleged failure to respond Plaintiff's attempt to apply for a

4

position as a Forum Customer Service Representative. (ECF 1, at 10.) In that determination and order, the NYSDHR held that there was no probable cause "to believe that [Forum] has engaged in or is engaging in the unlawful discriminatory practice complained of." (*Id.*) Plaintiff does not allege any facts showing that, despite his filing of an administrative complaint with the NYSDHR, any of the exceptions to the abovementioned election-of-remedies provisions of the NYSHRL and NYCHRL should apply.

Accordingly, because Plaintiff chose to pursue state administrative remedies with respect to his claims under the NYSHRL and NYCHRL, and because no exceptions to those statutes' election-of-remedies provisions apply, this Court lacks subject matter jurisdiction to consider Plaintiff's claims under those statutes. *See* Fed. R. Civ. P. 12(h)(3); N.Y. Exec. Law § 297(9); N.Y.C. Admin. Code § 8-502(a), (b); *Guardino v. Vill. of Scarsdale Police Dep't*, 815 F. Supp. 2d 643, 646 (S.D.N.Y. 2011) ("The [NYSHRL election-of-remedies] bar is jurisdictional, and the claims must be dismissed pursuant to" Fed. R. Civ. P. 12(b)(1) (internal quotation marks and citation omitted))); *see also Harris v. Oscar De La Renta, LLC*, No. 20-CV-9235, 2022 WL 540659, at *3 (S.D.N.Y. Feb. 22, 2022) ("[T]he election of remedies doctrine divests this Court of jurisdiction over the plaintiff's claims pursuant to the NYSHRL and the NYCHRL."). The Court therefore dismisses Plaintiff's claims under the NYSHRL and NYCHRL for lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3); *Mauro v. N.Y.C. Dep't of Educ.*, No. 21-2671, 2022 WL 17844438, at *3 (2d Cir. Dec. 22, 2022) (summary order).

B.     **Claims under Title VII, the ADA, and the ADEA against an individual**

The Court must dismiss Plaintiff's claims of employment discrimination, and what appears to be also claims of retaliation, under Title VII, the ADA, and the ADEA against Forum's Director of Human Resources. Title VII does not provide for claims of employment discrimination or retaliation against individual employees. *Lore v. City of Syracuse*, 670 F.3d

127, 169 (2d Cir. 2012) (Title VII employment discrimination claims); *Spiegel v. Schulmann*, 604 F.3d 72, 79-80 (2d Cir. 2010) (discussing Title VII retaliation claims in the context of ADA retaliation claims). The same is true as to claims of employment discrimination or retaliation under the ADA and the ADEA. *See Spiegel*, 604 F.3d at 79-80 (ADA retaliation claims); *Cherry v. Toussaint*, 50 F. App'x 476, 477 (2d Cir. 2022) (summary order) (ADEA employment discrimination claims); *Billings v. N.Y.S. Dep't of Corrs. & Cmty. Supervision*, No. 19-CV-11796, 2022 WL 3577970, at *10 (S.D.NY. Aug. 19, 2022) (ADA employment discrimination claims); *Ferraro v. N.Y.C. Dept. of Educ.*, No. 09-CV-8993, 2010 WL 3912466, at *1 (S.D.N.Y. Sept. 14, 2010) (ADEA retaliation claims), *aff'd*, 446 F. App'x 387 (2d Cir. 2011) (summary order). The Court therefore dismisses Plaintiff's claims of employment discrimination and retaliation under Title VII, the ADA, and the ADEA against Forum's Director of Human Resources for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

**C.     Claims of employment discrimination under Title VII, the ADA, and the ADEA against Forum, and claims under 42 U.S.C. § 1981 against both defendants**

Title VII prohibits an employer from discriminating against an employee or a potential employee because of that person's race, color, religion, sex, or national origin. *See* 42 U.S.C. §2000e-2(a). Section 1981 prohibits discrimination "on account of [a person's] race, ancestry, or ethnic characteristics."[1] *Zemsky v. City of New York*, 821 F.2d 148, 150 (2d Cir. 1987). Title I of

---

[1] Section 1981 "sets forth a remedy for employment discrimination that is independent of Title VII. . . ." *Ofori-Tenkorang v. Am. Int'l Grp., Inc.*, 460 F.3d 296, 300 (2d Cir. 2006). "Specifically, Section 1981 provides that '[a]ll persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts . . . as is enjoyed by white citizens.'" *Id.* (quoting 42 U.S.C. § 1981(a)). "Subsection (c) [of Section 1981] explicitly applies . . . to private discrimination and subsection (b) explicitly asserts that the term make and enforce contracts includes the making, performance, modification, and termination of contracts, and the enjoyment of all benefits, privileges, terms and conditions of the contractual relationship." *Id.* at 301 (quoting § 1981(b)) (internal quotation marks omitted). The protections of Section 1981 cover all contracts, including employment agreements. *See*

the ADA "prohibits employers from 'discriminat[ing] against a qualified individual *on the basis of disability* in regard to . . . the hiring, advancement, or discharge of employees.'"[2] *Natofsky v. City of New York*, 921 F.3d 337, 346 (2d Cir. 2019) (quoting 42 U.S.C. § 12112(a) (emphasis in original)). The ADEA "prohibits discrimination in employment on the basis of age against persons aged 40 or older." *D'Cunha v. Genovese/Eckerd Corp.*, 479 F.3d 193, 194 (2d Cir. 2007) (citing 29 U.S.C. §§ 623(a)(1), 631(a)).

1. **Claims of employment discrimination under Title VII against Forum and claims of employment discrimination under Section 1981 against both defendants**

To state a claim of discrimination under Title VII, "a plaintiff must plausibly allege that (1) the employer took adverse employment action against him, and (2) his race, color, religion, sex, or national origin was a motivating factor in the employment decision." *Vega v. Hempstead Union Free Sch. Dist.*, 801 F.3d 72, 86 (2d Cir. 2015). The plaintiff "may do so by alleging facts that directly show discrimination or facts that indirectly show discrimination by giving rise to a plausible inference of discrimination." *Id.* at 87.

To state a claim of discrimination under Section 1981, a plaintiff must allege facts showing: "(1) [the] plaintiff[] [is a] member[] of a racial minority; (2) [the] defendant['s] intent to discriminate on the basis of race; and (3) discrimination concerning one of the statute's enumerated activities." *Brown v. City of Oneonta, N.Y.*, 221 F.3d 329, 339 (2d Cir. 2000). "[A] plaintiff must . . . plead . . . that, but for race, [he] would not have suffered the loss of a legally

---

*Rivers v. Roadway Express, Inc.*, 511 U.S. 298, 304 (1994). Unlike Title VII, however, Section 1981 allows for individual liability. *See Whidbee v. Garzarelli Food Specialties, Inc.*, 223 F.3d 62, 75 (2d Cir. 2000).

[2] For the purpose of claims of employment discrimination under the ADA, a "disability" is defined as: "(A) a physical or mental impairment that substantially limits one or more major life activities of [an] individual; (B) a record of such an impairment; or (C) being regarded as having such an impairment." 42 U.S.C. § 12102(1).

protected right." *Comcast Corp. v. Nat'l Ass'n of African Am.-Owned Media*, 140 S. Ct. 1009, 1019 (2020). "Accordingly, [for a claim of discrimination under Section 1981,] it is insufficient to merely plead that race was a motivating factor in the discriminatory action." *Brown v. Montefiore Med. Ctr.*, No. 19-CV-11474, 2021 WL 1163797, at *5 (S.D.N.Y. Mar. 25, 2021) (citing *Comcast Corp.*, 140 S. Ct. at 1017-18).

Plaintiff's allegations regarding race-, color-, and religion-based employment discrimination are conclusory and without detail. Plaintiff has not alleged any facts sufficient to suggest that at least one of his characteristics that is protected by Title VII (race, color, sex, national origin, or religion) was a motivating factor in Forum's failure to respond to his application for a position as a Forum Customer Service Representative, or that, but for his race, Forum and/or its Director of Human Resources would have responded to his application. Accordingly, Plaintiff has failed to state a claim of employment discrimination under either Title VII or Section 1981.

In light of Plaintiff's *pro se* status, however, the Court grants Plaintiff leave to file an amended complaint to allege facts to state a claim of employment discrimination against Forum under Title VII and/or a claim of employment discrimination against Forum and/or its Director of Human Resources under Section 1981.

    **2.**    **Claims of employment discrimination under the ADA.**

To state a claim of employment discrimination under Title I of the ADA, a plaintiff must allege:

> (1) the employer is subject to the ADA; (2) the plaintiff is disabled within the meaning of the ADA or perceived to be so by [the] employer; (3) []he was otherwise qualified to perform the essential functions of the job with or without reasonable accommodation; (4) []he suffered an adverse employment action; and (5) the adverse action was imposed because of [his] disability.

8

*Davis v. N.Y.C. Dep't of Educ.*, 804 F.3d 231, 235 (2d Cir. 2015). The causation standard for employment discrimination claims brought under Title I of the ADA is a "but-for" standard; a plaintiff must allege but for his disability, the defendant would not have discriminated against him. *See Natofsky*, 921 F.3d at 347-50.

Plaintiff asserts that he suffers from schizophrenia. (ECF 1, at 4.) Thus, the Court will assume, for the purposes of this order, that Plaintiff has a disability that is a protected characteristic under the ADA. Plaintiff has not alleged any facts, however, showing that Forum imposed an adverse employment action on him because of that disability; in other words, his complaint does not contain fact that suggest that, but for Plaintiff's schizophrenia, Forum would not have discriminated against him. Thus, Plaintiff has failed to state a claim of employment discrimination under Title I of the ADA. The Court grants Plaintiff leave to file an amended complaint to allege facts sufficient to state such a claim.

**3.    Claims of employment discrimination under the ADEA**

For a claim of employment discrimination under the ADEA, a plaintiff must allege facts indicating that his age was the but-for cause of the employer's adverse employment action. *See Vega*, 801 F.3d at 86 (quoting *Gross v. FBL Fins. Servs., Inc.*, 557 U.S. 167, 177 (2009)).

While Plaintiff alleges that Forum discriminated against him because of his age, he alleges no facts showing that, but for his age, Forum would not have discriminated against him; in this case, that, but for his age, it would have responded to his application for employment. Thus, Plaintiff fails to state a claim of employment discrimination under the ADEA. In light of Plaintiff's *pro se* status, the Court grants Plaintiff leave to file an amended complaint to allege facts sufficient to state a claim of employment discrimination under the ADEA.

D.	**Claims of retaliation under Title VII, the ADA, the ADEA, and Section 1981**

Because it appears that Plaintiff may be attempting to assert claims of retaliation under Title VII, the ADA, the ADEA, and/or Section 1981, the Court considers those claims. Under Title VII's antiretaliation provision:

> [i]t shall be an unlawful employment practice for an employer to discriminate against any of [its] employees or applicants for employment . . . because he has opposed any practice made an unlawful employment practice by [Title VII], or because he has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under [Title VII].

42 U.S.C. § 2000e-3(a). The ADEA has an almost identical antiretaliation provision. *See* 29 U.S.C. § 623(d). The ADA's antiretaliation provision provides that "[n]o person shall discriminate against any individual because such individual has opposed any act or practice made unlawful [under the ADA] or because such individual made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under [the ADA]." 42 U.S.C. § 12203(a). The protections of Section 1981 also encompass claims of retaliation. *See CBOCS West, Inc. v. Humphries*, 553 U.S. 442 (2008).

To state a claim of retaliation under Title VII, a plaintiff must allege facts showing that: "(1) [the] defendant[] discriminated – or took an adverse employment action – against him, (2) 'because' he has opposed any unlawful employment practice." *Vega*, 801 F.3d at 90 (quoting § 2000e-3(a)). "[F]or an adverse retaliatory action to be 'because' a plaintiff [opposed an unlawful employment practice], the plaintiff must plausibly allege that the retaliation was a 'but-for' cause of the employer's adverse action. It is not enough that retaliation was a 'substantial' or 'motivating' factor in the employer's decision." *Id.* at 90-91 (internal quotation marks and citations omitted). The pleading requirements are the same for a claim of retaliation under the ADEA or Section 1981. *See, e.g., Kopchik v. Town of E. Fishkill, N.Y.*, 759 F. App'x 31, 34-35 (2d Cir. 2018) (summary order) (quoting *Vega*, 801 F.3d at 90-91); *Mohan v. City of New York*,

10

No. 17-CV-3820, 2018 WL 3711821, at *9 (S.D.N.Y. Aug. 3, 2018). To state a claim of retaliation under the ADA, a plaintiff must show that: "(i) [the] plaintiff was engaged in protected activity; (ii) the alleged retaliator knew that [the] plaintiff was involved in protected activity; (iii) an adverse decision or course of action was taken against [the] plaintiff; and (iv) a causal connection exists between the protected activity and the adverse action." *Natofsky*, 921 F.3d at 353 (internal quotation marks and citation omitted). Such a causal connection may be shown either: "(1) indirectly, by showing that the protected activity was followed closely by discriminatory treatment, or through other circumstantial evidence such as disparate treatment of fellow employees who engaged in similar conduct; or (2) directly, through evidence of retaliatory animus directed against the plaintiff by the defendant." *Id.* (internal quotation marks and citation omitted).

With respect to his claims of retaliation brought under Title VII, the ADA, the ADEA, and/or Section 1981, Plaintiff alleges no facts showing that he suffered an adverse employment action because he opposed an unlawful employment practice or otherwise participated in protected activity. He merely alleges that he believes that Forum retaliated against him by not responding to his application for employment because, many years ago, in 1986, he filed a workers' compensation claim against Forum. These facts do not support an inference of a causal connection arising from Plaintiff's filing of that claim – an act that allegedly occurred almost four decades ago. Furthermore, such a claim is not opposition to an unlawful employment practice or otherwise protected conduct. Plaintiff, thus, fails to state claim of retaliation against Forum under Title VII, the ADA, the ADEA, or Section 1981, and/or a claim of retaliation against Forum's Direction of Human Resources under Section 1981. The Court grants Plaintiff leave to file an amended complaint to state a claim of retaliation under any of those statutes.

**LEAVE TO AMEND**

Plaintiff proceeds in this matter without the benefit of an attorney. Federal district courts generally should grant a self-represented plaintiff an opportunity to amend a complaint to cure its defects, unless amendment would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Indeed, the United States Court of Appeals for the Second Circuit has cautioned that federal district courts "'should not dismiss [a *pro se* complaint] without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated.'" *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (quoting *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999)). Because Plaintiff may be able to allege additional facts to state a valid claim against Forum under Title VII, Section 1981, the ADA or the ADEA, and/or against Forum's Director of Human Resources under Section 1981, the Court grants Plaintiff 60 days' leave to file an amended complaint to detail his claims.

Plaintiff is granted leave to amend his complaint to provide more facts about his claims. In the "Statement of Claim" section of the amended complaint form, Plaintiff must provide a short and plain statement of the relevant facts supporting each claim against each defendant. If Plaintiff has an address for any named defendant, he must provide it. Plaintiff should include all of the information in the amended complaint that he wants the Court to consider in deciding whether the amended complaint states a claim for relief. That information should include:

a) the names and titles of all relevant people;

b) a description of all relevant events, including what each defendant did or failed to do, the approximate date and time of each event, and the general location where each event occurred;

c) a description of the injuries Plaintiff suffered; and

    d)  the relief Plaintiff seeks, such as money damages, injunctive relief, or declaratory relief.

Essentially, Plaintiff's amended complaint should tell the Court: who violated his federally protected rights; how, when, and where such violations occurred; and why Plaintiff is entitled to relief.

Because Plaintiff's amended complaint will completely replace, not supplement, the original complaint, any facts or claims that Plaintiff wants to include from the original complaint must be repeated in the amended complaint.

## CONCLUSION

The Court dismisses Plaintiff's claims under the NYSHRL and NYCHRL for lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

The Court also dismisses Plaintiff's claims of employment discrimination and retaliation under Title VII, the ADA, and the ADEA against Forum's Director of Human Resources for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

The Court grants Plaintiff leave to file an amended complaint that complies with the standards set forth above. Plaintiff must submit the amended complaint to this Court's Pro Se Intake Unit within 60 days of the date of this order, caption the document as an "Amended Complaint," and label the document with docket number 1:23-CV-6170 (LTS). An Amended Complaint for Employment Discrimination form is attached to this order. No summons will issue at this time. If Plaintiff fails to comply within the time allowed, and he cannot show good cause to excuse such failure, the Court will enter an order dismissing this action for the reasons set forth in this order.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf.*

*Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated:   October 3, 2023
         New York, New York

                                        /s/ Laura Taylor Swain
                                        LAURA TAYLOR SWAIN
                                      Chief United States District Judge